IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY RICHARDO TURNER,

    Plaintiff,           No. CIV S-07-0022 LKK GGH P

    vs.

OFFICER SPENCE, et al.,

    Defendants.        <u>ORDER</u>

_____/

        By <u>Order</u>, filed on May 11, 2007, the court found plaintiff's amended complaint, filed on March 29, 2007, appropriate for service upon some ten defendants, including a Woodland Police Officer, several Yolo County Sheriff's Department employees and a registered nurse (apparently a contract employee of the Sheriff's Dept.). The order directed plaintiff to fill out and return, inter alia, ten (10) USM-285 forms (one for each defendant) and one summons, and to provide eleven (11) copies of the amended complaint, for which the court provided the necessary documents.

        On May 23, 2007, plaintiff filed a request for assistance from the court, averring, inter alia, that a Mr. Purcell, evidently employed in the sheriff's legal office, requires that an order be directed to himself or his supervisors before copies of the amended complaint will be provided.

1  Mr. Purcell is not a named defendant in this action (although one or more of his
2  supervisors may be); however, the court is concerned that it may lose jurisdiction over this case if
3  plaintiff is not permitted to provide the requisite documents for the court to direct service of the
4  amended complaint.
5  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary
6  or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." See
7  generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v.
8  New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary
9  power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the
10 exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d
11 1283, 1289 (9th Cir. 1979).
12 Pursuant to the All Writs Act, the court orders Mr. Purcell, or any other person the
13 Sheriff may find appropriate to designate, to respond to plaintiff's filing of May 23, 2007, within
14 twenty days, and to show cause for denying plaintiff the copies of the amended complaint, or any
15 other necessary document, that the court has ordered plaintiff to provide by the Order, filed on
16 May 11, 2007.
17 In addition, plaintiff is granted an extension of time of thirty days to provide the
18 court the requisite documents for the court to direct service of process.
19 Accordingly, IT IS ORDERED that:
20 1. Plaintiff's request, filed on May 23, 2007, for an extension of time to provide
21 the documents pursuant to the Order of this court, filed on May 11, 2007, is granted, and plaintiff
22 is granted thirty additional days, or until July 10, 2007, to submit the documents for service of
23 process to the court.
24 2. Mr. Purcell, or any other person the Yolo County Sheriff or his legal counsel
25 may designate as appropriate, must respond, pursuant to the All Writs Act, to plaintiff's filing of
26 May 23, 2007, and must show cause, within 20 (twenty) days, for denying plaintiff the requisite

1 copies of the amended complaint, or other document(s), required by the court to permit the court
2 to direct service of process of the plaintiff's amended complaint.
3            3.  The Clerk of the Court is directed to serve a copy by mail of this order upon
4 Mr. Purcell at the Monroe Detention Center in Woodland, as well as upon the Yolo County
5 Sheriff, along with a copy of plaintiff's filing of May 23, 2007.
6 DATED: 6/5/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

9 GGH:009
turn0022.ord