IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY RICHARDO TURNER,   No. CIV S 07-0022 GGH P

    vs.

OFFICER SPENCE, et al.,   ORDER

    Defendants.

/

    Plaintiff, a Yolo County inmate/pretrial detainee proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  By Order, filed on 10/22/07, plaintiff was granted sixty days to provide additional information to serve defendant Tony for whom an unexecuted waiver of service had been returned because he could not be located.  When plaintiff failed to respond timely, the court, by Findings and Recommendations, filed on 2/01/08, recommended dismissal of this defendant after which plaintiff filed objections, averring that he had sought the court's assistance in locating this defendant, by a filing on or around 7/18/07.  See Objections, p. 3, filed on 2/07/08.  Although the court cannot locate such a filing, the court will vacate the Findings and Recommendations.

    As of 2/22/08, an unexecuted waiver of service was also returned with respect to defendant Jamolodin with a Captain Rich Williams stating that no one by that name is employed

1

as a deputy sheriff in the Yolo County Sheriff's Department.  The court will now direct defendants to provide any assistance they can with locating these individuals.  Defendants' counsel shall query the Department of Corrections and Rehabilitation, City of Woodland, Woodland Police Department, Yolo County, and the Yolo County Sheriff's Department, to ascertain the whereabouts of defendants Tony and Jamolodin.  If defendants Tony and Jamolodin are still employed with the Department of Corrections and Rehabilitation, any other California state agency, any City of Woodland agency, or any Yolo County agency, counsel shall provide the business addresses to plaintiff.  If counsel is otherwise informed of the business addresses of defendants Tony and Jamolodin, counsel shall provide the addresses to plaintiff.  In the event that counsel, after conducting a good faith inquiry, cannot ascertain the business addresses of defendants Tony and Jamolodin, counsel shall so inform the court.  Defendants' counsel shall file and serve the appropriate response within twenty days of the file date of this order.

In addition, although an executed waiver of service on behalf of defendant Spence was filed on 9/19/07 (#28), this defendant has filed no response to the amended complaint.  Defendants' counsel is directed to show cause, within twenty days, why defendant Spence should not be found to be in default and judgment entered against him.

Accordingly, IT IS ORDERED that:

1. The Findings and Recommendations, filed on 2/1/08 (#56), are hereby vacated;

2. Defendants are directed to pursue an inquiry for the location of defendants Spence and Jamolodin and to respond, as set forth above, within twenty days; and

3. Defendants are directed to show cause why defendant Spence should not be found to be in default, within twenty days.

DATED: 04/04/08                                         /s/ Gregory G. Hollows

                                                        GREGORY G. HOLLOWS
                                                        UNITED STATES MAGISTRATE JUDGE

GGH:009
turn0022.8esup