IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY RICHARDO TURNER,

    Plaintiff,                    No. CIV S-07-0022 GGH P

    vs.

OFFICER SPENCE, et al.,

    Defendants.              ORDER

_____/

        On May 12, 2009, the court granted a sixty day continuance of the dispositive motion filing deadline and advised plaintiff that he would have thirty days to file opposition to any such filing. On July 7, 2009 (docket # 112), defendants filed what they have characterized as a motion to dismiss pursuant to Fed. R. Civ. P. 41(b). Plaintiff has not opposed the motion.

        Local Rule 78-230(m) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On July 9, 2007, plaintiff was advised of the requirements for filing an opposition to a motion to dismiss and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.

        Accordingly, plaintiff's failure to oppose should be deemed a waiver of opposition to the granting of the motion. However, to the extent that the basis for defendants' motion is that plaintiff has long failed to serve discovery responses, even following the court's

1

Order, filed on March 6, 2009 (docket # 105), granting defendant's motion to compel discovery,[1] that plaintiff serve substantive responses without objections and file proof of having done so within thirty days, the applicable sanctions for not obeying a discovery order come under Fed. R. Civ. P. 37(b), rather than Rule 41(b).  Defendants are correct that plaintiff has failed to comply with the court's direction, pursuant to an Order, filed on May 12, 2009 (docket # 111), granting plaintiff an extension of time and requiring plaintiff to serve the discovery responses upon defendants and to file proof of service thereof with the court by June 10, 2009.  The court docket indicates that, notwithstanding that the time for doing so has expired, no such proof of service has been filed, and defendants' counsel declares under penalty of perjury that, as of July 7, 2009, plaintiff had failed to serve upon defendants his discovery responses.  See McTavish Declaration, ¶ 4, in support of MTD.

Under Rule 37(b), the court is authorized to impose various sanctions for the failure to obey a discovery order, including, inter alia, "prohibiting the disobedient party from supporting or opposing designated claims or defenses...." [Rule 37(b)(2)(A)(ii)],"striking pleadings in whole or in part" [Rule 37(b)(2)(A)(iii)], to "dismissing the action or proceeding in whole or in part"  [Rule 37(b)(2)(A)(v)].  Defendants do note that plaintiff was cautioned in the March 6, 2009, Order (p. 9), that his failure to comply with the order "may lead to the terminating sanction of dismissal," citing Fed. R. Civ. P. 41(b); Local Rule 11-110.

Ultimately, whether dismissal is sought pursuant to Fed. R. Civ. P. 37(b)(2) or Rule 41(b), "[t]he standards governing dismissal are the same...." Sanders v. Aranas, 2008 WL 4845233 *3 (E.D. Cal. 2008), citing Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987):

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the

---

[1] Defendants filed their motion to compel discovery, on September 5, 2008 (docket # 99) or more than a year ago at this point.

> court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.[] It is not necessary for a district court to make explicit findings to show that it has considered these factors. [].

Malone, supra, at 130 (internal quotations/citations omitted).

The first two factors plainly favor dismissal where the plaintiff has been not simply dilatory for an extended period but rather completely disengaged in the prosecution of this action as evidenced both by his lack of response to, or compliance with, this court's order and by his failure to file any opposition to the pending motion. Defendants contend that plaintiff's failure to provide them with discovery responses and his disregard of the court's orders has hindered an expeditious resolution of this case and has prejudiced them. MTD, p. 3. As plaintiff fails to counter this argument, the court finds that the third factor also favors dismissal. As to the fourth and fifth factors, plaintiff's apparent abandonment of this action tends to demonstrate a possibly waning confidence in the merits of his own action or that for some other reason he has lost interest in pursuing this matter. This court is far too burdened with a crowded docket to drag out litigation in which plaintiff has so apparently lost all interest. Accordingly, construing defendants' motion as seeking the terminating sanction of dismissal for plaintiff's failure to comply with this court's order to serve discovery responses under Fed. R. Civ. P. 37(b), the court will dismiss this action. Moreover, alternatively, despite the court's previous caution to plaintiff that his failure to comply with the order requiring service of his substantive discovery responses and filing proof thereof in this court could result in dismissal under Fed. R. Civ. P. 41(b) and Local Rule 11-110, plaintiff ultimately failed to comply with that order (docket # 105) and a subsequent one extending more time for his responses (docket # 111); therefore, the court will dismiss this action with prejudice.

\\\\\

\\\\\

1  Accordingly, IT IS HEREBY ORDERED that defendants' July 7, 2009 (docket #
2  112), motion to dismiss is granted; further the court finds that this action should be dismissed
3  with prejudice, as set forth above.
4  DATED: September 28, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
turn0022.46+